# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WISCONSIN

SEEKLOCAL INC.,

    Plaintiff,

    v.                                                    Case No. 05-C-1212

AMERITECH SERVICES INC. and
WISCONSIN BELL SERVICES INC.,

    Defendants.

## DECISION AND ORDER RE: ATTORNEY'S FEES

### NATURE OF CASE

The plaintiff, SeekLocal, Inc.(SeekLocal), has filed a petition for attorney's fees and costs related to the prosecution of their complaint against defendants Ameritech Services, Inc. and Wisconsin Bell, Inc. (hereinafter jointly Ameritech), pursuant to 47 U.S.C. § 206. SeekLocal commenced this action against Ameritech seeking temporary and permanent injunctive relief requiring Ameritech to provide Subscriber List Information (SLI) pursuant to 47 U.S.C. § 222(e) and the relevant provisions of the Code of Federal Regulations. SeekLocal seeks attorney's fees in the amount of $39,146.00 and costs in the amount of $347.22.

Ameritech opposes the amount of attorney's fees sought by SeekLocal. Ameritech asserts that SeekLocal obtained only limited success on its claim against Ameritech. In addition, Ameritech asserts that: 1) a large portion of the fees are unwarranted; 2) SeekLocal overstates its ultimate success in this case, 3) there are defects in the manner in which

SeekLocal's counsel's time entries are calculated, 4) there is no indication whether SeekLocal actually paid for the legal services identified in the attorney time records submitted to the court and 5) SeekLocal cannot demonstrate that all of its claimed billable hours for which it seeks attorney's fees were reasonably expended in the case.

## Analysis

Plaintiffs are considered to be "'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) (quoting Nadeau v. Helgemoe, 581 F.2d 275, 278-79 [1st Cir. 1978]). Where the parties have settled the case, prevailing party status is based upon a determination of: "1) whether the lawsuit was 'causally linked to the relief obtained,' . . . and, 2) whether the defendant acted gratuitously, that is, the lawsuit was 'frivolous, unreasonable or groundless.'" Fisher v. Kelly, 105 F.3d 350, 353 (7th Cir. 1997) (citations omitted).

In this case, both requirements of this two-part test are met. The settlement SeekLocal obtained is causally linked to this lawsuit and Ameritech's offer to settle was not gratuitous. Moreover, Ameritech does not dispute that SeekLocal is a prevailing party. Rather, the focus of Ameritech's argument is on the amount of attorney's fees that properly should be awarded to SeekLocal. Thus, the reasonableness of the attorney's fees and costs which SeekLocal seeks to collect must be determined.

Determination of the appropriate amount of attorney's fees and costs is left to the court's discretion. Spegon v. Catholic Bishop of Chicago, 175 F.3d 544, 550 (7th Cir. 1999). "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."

- 2 -

Case 2:05-cv-01212-PJG   Filed 06/26/07   Page 2 of 13   Document 123

Hensley, 461 U.S. at 433. The court should exclude from the initial fee calculation hours that were not reasonably expended on the litigation. Moreover, if a plaintiff has achieved only partial or limited success, the fees requested may be excessive under the circumstances and the amount sought reduced. Id. at 436. Thus, "the most critical factor is the degree of success obtained." Id.

Counsel seeking attorney's fees must exercise "billing judgment." Id. at 434. As the court explained in Hensley: "Hours that are not properly billed to one's *client* also are not properly bill to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 205 U.S. App. D.C. 390, 401, 641 F.2d 880, 891 [1980] [en banc] [emphasis in original]).

In determining an attorney fee award, the court may increase or decrease the fee request based on a consideration of the 12 factors set forth in Hensley: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (3) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." Id. at 430 n.3.

Before addressing the merits of SeekLocal's fee petition, the court notes that Ameritech objects to certain statements in the affidavit of Timothy J. Andringa, specifically paragraphs 11, 13, 14, 17 and 18, because they are not based on personal knowledge or are incorrect. To the extent any of the statements are conclusory or not based upon personal knowledge,

- 3 -

they will not be considered by the court. However, they will not be stricken from the record as Ameritech requests in its footnote.

A review of the procedural history of this case will be helpful to a resolution of the attorney's fees issue. SeekLocal filed this action on November 18, 2005, seeking a preliminary injunction, among other relief. During a December 1, 2005, telephone conference, a preliminary injunction hearing was set for December 9, 2005. When the parties were unable to reach a settlement during a mediation before United States Magistrate Judge William E. Callahan, the court held the hearing on the preliminary injunction on December 9, 2005, which was continued on December 20, 2005.

At the December 20, 2005, hearing, after some discussion, it appeared that the parties had reached an agreement whereby Ameritech would provide the Subscriber List Information to SeekLocal subject to the terms and conditions in the licensing agreement with the understanding that SeekLocal retained the right to challenge the reasonableness of the terms and conditions in Ameritech's licensing agreement. The parties were to work out a stipulation in this regard. Subsequently, the court was advised that the parties had a misunderstanding regarding their December 20, 2005, tentative agreement. The court then conducted telephone conferences with the parties on January 10 and 11, 2006, and a briefing schedule was set on SeekLocal's preliminary injunction motion.

Based on the telephone conferences and the scheduling order, counsel for SeekLocal wrote to the court on January 13, 2006, withdrawing its request for a preliminary injunction. SeekLocal had purchased a SLI from another source. The parties proceeded with discovery, resulting in SeekLocal filing a motion for partial summary judgment on July 31, 2006. The

parties then requested further mediation which took place on December 18, 2006, but failed to result in a settlement.

On February 28, 2007, counsel for Ameritech advised the court that the parties had reached a settlement in principle and requested a telephone conference to discuss one remaining issue. At the telephone conference, the court was advised that the only remaining issues was attorney's fees so the court set a briefing schedule on that issue. At an April 19, 2007, conference, Ameritech noted that there had been no finding of liability in the case, but agreed that it would pay whatever attorney's fees the court deems reasonable.

With this background and framework, the court will now address SeekLocal's petition. Ameritech asserts that SeekLocal is not entitled to attorney's fees for two matters that were neither necessary nor successful, specifically SeekLocal's initial motion for injunctive relief and its extensive research on punitive damages. Ameritech states that SeekLocal's only "success" on its equitable claims was "the voluntary agreement by defendants to enter into a non-standard SLI contract governing the provision of SLI to SeekLocal for the next two (2) years." (Ameritech's Brief in Opposition to Plaintiff's Petition for Attorney Fees and Costs [Ameritech's Brief] at 4-5). Ameritech also states that under the applicable statute and other federal fee shifting statutes, SeekLocal would ordinarily be found not successful enough to recover any attorney's fees. Id. at 5. Ameritech cites AT&T Co. v. United Artisits Payphone Corp., 852 F. Supp. 221, 224-25 (S.D. N. Y. 1994) and Buckhannon Bd. & Care Home, Inc. v West Virginia Dept. of Health and Human Resources, 532 U.S. 598, 604-05 (2001) to support its position.

In AT&T Co. v. United Artists Payphone Corp., 852 F.Supp. 221 (S.D. N.Y. 1994), the district court held that a party must have been awarded damages by a court in order to recover attorney's fees under § 206 of the Telecommunications Act. United Artists had petitioned the

- 5 -

Federal Communications Commission (FCC) for a declaration of nonliability for $1.2 million in charges for calls on pay telephones it operated. AT&T had brought a federal action against United Artists seeking payment for the charges. The federal case was stayed pending resolution of the FCC proceedings. The FCC found that United Artists was not liable for the charges. United Artists then filed a counterclaim for attorney's fees in the federal case. The court concluded that United Artists was not entitled to attorney's fees under § 206 because it was not awarded damages by the court. In so concluding, the court explained that "attorney's fees are provided to compensate parties who must initiate suit in order to access the unique enforcement powers of the court." Id. at 225. The court stated that United Artists had not required enforcement because it was merely excused from liability rather than awarded damages. The facts of the case are clearly distinguishable from the instant case.

Moreover, the issue of SeekLocal's entitlement to any attorney's fees was raised by the court at a conference with the parties on April 19, 2007. At that time, Ameritech's counsel stated that Ameritech was not arguing that the plaintiff was not a prevailing party, but that the fees should be discounted based on the reasons set forth in its brief.

Ameritech's reliance on Buckhannon, 532 U.S. at 604-05, is also unavailing given Ameritech's settlement position. In Buckhannon, a case arising under the Fair Housing Amendments Act (FHAA) and the Americans with Disabilities Act (ADA), the defendant voluntarily mooted the action by repealing contested legislation. The Court held that the catalyst theory, which provides that "a plaintiff is a 'prevailing party' if it achieves the desired result because the lawsuit brought about a voluntary change in the defendant's conduct," is not a permissible basis for the award of attorney's fees. Id. at 601, 610. The Court stated that the fee-shifting provisions of the FHAA and the ADA require a party to secure either a

judgment on the merits or a court-ordered consent decree in order to qualify as a "prevailing party." Id. at 604.

Here, Ameritech does not challenge that SeekLocal was a prevailing party. Moreover, unlike the factual situation in Buckhannon, Ameritech did not voluntarily change its conduct. Rather, the history of this case reveals that the parties engaged in hard-fought litigation which ultimately resulted in a substantially revised licensing agreement governing their relationship. Given the common meaning of the term "voluntary," this court cannot conclude that Ameritech voluntarily changed its conduct. See Id. at 605.

Ameritech contends that SeekLocal is not entitled to attorney's fees for its unsuccessful pursuit of a preliminary injunction, citing Nottelson v. A. O. Smith Corp., 489 F.Supp. 94 (E.D. Wis. 1980). The court in Nottelson denied the plaintiff's motion for a preliminary injunction because he had not exhausted his administrative remedies in the Title VII action. The court denied the plaintiff's request for attorney's fees on the motion because the defendants "should not have to bear the burden of plaintiff's attorney's fees expended in seeking relief to which he is not entitled." 489 F.Supp. at 99. Given its factual underpinnings, the court does not find Nottelson persuasive to the issue before it.

The court has carefully reviewed the record in this case. Although Ameritech argues that SeekLocal is not entitled to fees incurred in pursuing a preliminary injunction, the court concludes that SeekLocal's litigation of its preliminary injunction motion substantially contributed to the ultimate resolution of this action. The parties had reached an agreement on a number of important issues as a result of the preliminary injunction hearings. A potential agreement was reached on December 20, 2005, but there was a subsequent misunderstanding about the provisions in the agreement and ultimately the parties proceeded

with further discovery. Although the plaintiff later withdrew the preliminary injunction motion, the evidence presented at the two hearings, as well as the documentary evidence, played a critical role in resolving this case. Furthermore, a substantial part of SeekLocal's attorney time prior to the injunction hearing involved researching the Telecommunications Act and licensing agreements and drafting pleadings and other documents. Therefore, the court concludes that the fees incurred by SeekLocal in pursuing a preliminary injunction are properly included in an attorney's fee award.

Regarding the award of attorney's fees for SeekLocal's research on punitIve damages, Ameritech points out that SeekLocal's amended complaint does not seek punitive damages. It also asserts that neither the language of 47 U.S.C. § 206, nor its legislative history suggest that punitive damages are available. SeekLocal has not responded to Ameritech's punitive damages argument.

SeekLocal has not advanced a claim for punitive damages. Therefore, it has not been successful on this claim. All time expended on research punitive damages will be excluded from the attorney's fee award. Thus, the fee award will be reduced by the 8.9[1] hours spent by Attorney Dino Antonopoulous researching the issue of punitive damages.

Ameritech also asserts that SeekLocal's allegedly defective time entries warrant a downward adjustment of the fees sought. Ameritech states that SeekLocal's time entries are impermissibly vague, encompass multiple entries for each day and contain duplicative entries.

With respect to Ameritech's vagueness challenge, SeekLocal's counsel should have

---

[1] Because plaintiff's counsel grouped together certain activities, the time spent on punitive damages research has been extrapolated to the extent possible from corresponding work of other counsel.

- 8 -

provided more detail about what "research" was conducted for example. However, upon review, generally, counsel's description of legal services provided is not impermissibly vague, with the exception of Attorney Antonopoulos' charge for "Review of Finance charge credit extensive reports" (Entry of October 12, 2006). SeekLocal provides no explanation of this charge and, accordingly 1.5 hours will be subtracted from the fee award.

The combining of multiple tasks on one day in a single entry is more problematic. For example, on July 31, 2006, Attorney Timothy Andringa spent a total of three hours in conferences with attorneys, phone conferences with Tony Lewis and opposing counsel, Attorney Karen Waple, finalizing documents for SeekLocal's summary judgment motion and delivering the summary judgment documents to the court. See Affidavit of Timothy J. Andringa [Andringa Aff.] Exh. A at 3. Time spent in filing documents with the court is a function more appropriately completed by clerical staff, not an attorney. Webb v. James, 967 F.Supp. 320, 324 (N.D. Ill. 1997). Therefore, time spent on this task is excluded. However, because multiple tasks are described in a single block of billed time, it is impossible to ascertain the appropriate sum to subtract for this work. In lieu of disallowing the entire amount, see id., 1.5 hours of attorney time will be subtracted from the fee award for the time spent filing documents with the court.

Ameritech also contends that some time entries are duplicative. Ameritech states that it should not be forced to pay for two attorneys to attend the preliminary injunction hearings. In response, SeekLocal asserts that counsel performed different functions with Attorney Mark Andringa focusing on contractual matters of the SLI Agreement and, to a lesser extent, reviewing the pleadings and briefs while Attorney Timothy Andringa's time related to the litigation. SeekLocal also points out that Ameritech had two attorneys at the hearings. The

- 9 -

fact that two attorneys represented Ameritech at the hearings has little, if any relevance, at to whether SeekLocal should be awarded fees for both counsel attending the hearings. Nonetheless, under the circumstances and given counsel's explanation, it was not unreasonable for both attorneys for SeekLocal to attend the injunction hearings.

The court agrees with Ameritech, however, that some of SeekLocal's time entries are duplicative. Both Timothy and Mark Andringa billed for the time spent reviewing an email which was received from the client on October 10, 2005. Ameritech need not pay to have the same work performed by two difference attorneys. Similarly, both attorneys reviewed and revised the pleadings in November 2005, although Attorney Timothy Andringa's work focused on the litigation aspect of the case. Similarly, Attorney Timothy Andringa billed for time spent reviewing contract which, according to SeekLocal, was Attorney Mark Andringa's responsibility. No explanation is provided for this apparently duplicative work. The court cannot conclude that this time was "reasonably expended" in this action and, therefore an award of fees for these duplicative entries will be disallowed.

Time entries relating to the preparation and filing of the summary judgment motion also reflect duplicative efforts. According to the time sheets, Attorney Dino Antonopoulous was responsible for researching and preparing the summary judgment motion, briefs and supporting documents, spending over 40 hours on these tasks. Although some review by and conferences with lead counsel may be warranted, there are a number of entries by both Timothy and Mark Andringa relating to revising and finalizing summary judgment documents. See, e.g., Timothy Andringa time entries - July 26, 2006; July 31, 2006; Mark P. Andringa time

entries - July 30, 2006, July 31, 2006. These efforts appear duplicative and will be subtracted from the fee award.[2]

Ameritech asserts that a downward adjustment of SeekLocal's attorney's fees is warranted based on its refusal to enter into a stipulation. At the December 20, 2005, hearing, the court had suggested that the parties attempt to reach a stipulation so that SeekLocal could obtain the Subscriber Information Lists from Ameritech while reserving the right to challenge the terms and conditions of the Ameritech contract. As evidenced by subsequent events, there was confusion about the proposed stipulation and agreement. SeekLocal states that Ameritech wanted the stipulation to provide that SeekLocal agreed, during the pendency of the litigation, to abide by all terms and conditions, reasonable or not, pending a decision by the court. SeekLocal found this unacceptable so no stipulation was reached.

It is not clear that the stipulation would have resulted in more efficient and less protracted litigation. Rather, the reasonableness of terms and conditions of the Ameritech's licensing agreement would have required further litigation since SeekLocal vigorously disagreed that such terms and conditions were reasonable.

Moreover, the court has reviewed the Listing and Directory Services Agreement initially proposed by Ameritech to SeekLocal (Andringa Aff., Exh. E) and has compared it to the Listing and Directory Services Agreement entered into by the parties. Id., Exh. F. There are significant and substantial differences between the two documents. For example, the initial document provided that Ameritech had the right to audit the use of the provided SLI at the principal offices of the licensee upon reasonable notice, a provision that was of considerable

---

[2] Because counsel has combined several tasks in one time entry, the court has made a calculated determination of the time spent on the disallowed task.

concern to SeekLocal as expressed at the injunction hearings. The final agreement provides, however, that each of the parties "may audit the records and operations systems of the other party as they pertain to obligations to be performed pursuant to this Agreement." Id., Exh. F at ¶ 4.21. The proposed stipulation would not have been resolved, but rather merely postponed, resolution of the ultimate issues in the case. Under the circumstances, the court concludes that SeekLocal's attorney's fees should not be reduced because it refused to enter into the proposed stipulation with Ameritech.

Ameritech maintains that it should not have to pay those attorney's fees which were not paid by SeekLocal. See Ameritech's Brief at 9. Ameritech cites no case law to support its position. In support of its petition for attorney's fees and costs, counsel for SeekLocal avers: "All disbursements and attorneys fees outlined in this affidavit were billed to SeekLocal by Cramer, Multhauf & Hammes, LLP on a monthly basis." (Andringa Aff. ¶ 3). The Supreme Court stated in Hensley that "billing judgment is an important part in fee setting," explaining: "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority. 461 U.S. at 434 (citation omitted). The court did not state that the fees must have been paid.

Finally, the court declines to apply a flat percentage reduction to the requested amount of attorney's fees. The court has carefully scrutinized each billing entry and description, along with the other documents submitted by the parties. Based on its detailed examination and for the reasons stated herein, the court finds that SeekLocal's attorney's fees should be reduced by $4,239.50, resulting in an attorney's fee award of $34,906.50, plus costs of $347.22, for a total award of $35,253.72.

- 12 -

## **ORDER**

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's petition for attorney's fees and costs be and hereby is **awarded** in the total amount of $35,253.72.

Dated at Milwaukee, Wisconsin this 26th day of June, 2007.

BY THE COURT:

s/ Patricia J. Gorence
PATRICIA J. GORENCE
United States Magistrate Judge